**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN JOSE TAPIA GARCIA,<br>Petitioner,<br>v.<br>JEREMY CASEY, et al.,<br>Respondents. | Case No. 26-cv-04349-BAS-SBC<br>**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br>**(ECF No. 8)** |

Petitioner Juan Jose Tapia Garcia has filed an Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was unlawfully arrested by the United States Border Patrol without a statutorily required warrant. (ECF No. 8.) He requests immediate release or, alternatively, a bond hearing. (*Id.*) The Government argues Petitioner is subject to a final removal order, is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a), and thus his request is not ripe for review. (ECF No. 13.) The Government does not address the substantive arguments raised in the Amended Petition. (*Id.*) It does, however, attach an administrative warrant that was served on Petitioner the day of his arrest. (ECF No. 13, Ex. 2.) Petitioner filed a Traverse, disputing the finality of the removal order and asserting the Government has forfeited its right to oppose immediate release by

failing to respond to the arguments in his Amended Petition. (ECF No. 14.) For the reasons stated below, the Court **GRANTS IN PART** the Amended Petition.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to noncitizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and is seeking release, he has standing to pursue his Amended Petition.

## II. BACKGROUND

Petitioner is a citizen of Mexico and entered the United States without inspection between 2020 and 2023. (ECF No. 8, Ex. A; ECF No. 13, Ex. 1.) On April 5, 2026, at approximately 4:35 a.m., a Border Patrol agent detained and arrested Petitioner at a checkpoint near Westmorland, California. (ECF No. 13, Ex. 1.) That same day, an administrative arrest warrant was issued in Petitioner's name. (ECF No. 13, Ex. 2.) The following day, the Government issued a Notice to Appear ("NTA") and began removal proceedings against Petitioner. (ECF No. 13, Ex. 3.) On June 11, 2026, an Immigration Judge ("IJ") granted the Department of Homeland Security's Motion to Pretermit Petitioner's relief from withholding and ordered Petitioner removed to Mexico. (ECF No. 13, Ex. 4.) Petitioner filed an appeal to the Board of Immigration Appeals ("BIA") on July 31, 2026. (ECF No. 14 at 2.)

## III. ANALYSIS

As a preliminary matter, the Court is unpersuaded by the Government's argument that Petitioner is mandatorily detained under 8 U.S.C. § 1231(a) because he is subject to a final order of removal. The finality of a removal order is governed by 8 C.F.R. § 1241.1. In pertinent part, 8 C.F.R. § 1241.1(a) states, "[a]n order of removal made by the

immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals[.]"

On July 31, 2026, Petitioner filed an appeal, alongside a motion to accept an untimely filing, with the BIA. While the Government concedes an appeal was filed, it argues Petitioner is subject to a final order of removal because the filing was not timely. (Ret. ¶ 3, ECF No. 13.) "The BIA has authority to determine whether an appeal is timely, whether it should be dismissed as untimely, and whether any exception or equitable tolling principle applies." *Orellana Cruz v. Oddo*, No. 3:26-CV-00284, 2026 WL 1650733, at *4 (W.D. Pa. June 8, 2026) (citing *Matter of Morales-Morales*, 28 I. & N. Dec. 714, 716 (BIA 2023)). Here, it is undisputed Petitioner's appeal was not filed within the requisite timeline. However, in accordance with BIA regulations, Petitioner filed his appeal together with a motion to accept an untimely filing, which remains pending. Considering the BIA's decision in *Morales-Morales*, the Court finds it appropriate to consider Petitioner's removal proceedings to be pending unless and until the BIA rules on whether to dismiss his appeal as untimely. *See* 28 I. & N. Dec. at 716.

Next, the Government fails to meaningfully address Petitioner's warrantless arrest claim under 8 U.S.C. § 1357(a)(2). It does not identify any authority justifying Petitioner's arrest. (*See* Ret.) The Court first finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). In *Rodriguez Vazquez*, the Ninth Circuit held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026). Here, the Government and Petitioner both claim Petitioner was detained in the interior of the United States at a checkpoint in California. (ECF No. 8, Ex. A; ECF No. 13, Ex. 1.) Therefore, 8 U.S.C. § 1226(a)'s discretionary procedures govern Petitioner's detention. Section 1226(a)'s discretionary procedures permit release of noncitizens on bond pending their removal proceedings. Thus, in light of *Rodriguez Vazquez*, Petitioner is entitled to a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a).

Finally, to the extent Petitioner claims his warrantless arrest was not statutorily authorized, his request for immediate release is unconvincing. The Government presents evidence that Petitioner was provided with an administrative warrant the same day of his arrest. (ECF No. 13, Ex. 2.) The regulation governing warrantless arrests is 8 C.F.R. § 287.3. Section 287.3(d) provides that if an arrest is made without a warrant, an immigration officer must, within 48 hours of arrest, determine "whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d); *see Cancino Castellar v. McAleenan*, 388 F. Supp. 3d 1218, 1224 (S.D. Cal. 2019). Here, the administrative warrant was issued within hours of Petitioner's arrest. (ECF No. 13, Ex. 2.) Petitioner contends, however, that his initial warrantless arrest violated 8 U.S.C. § 1357(a)(2).

Section 1357(a)(2) imposes two requirements: "Under the INA, an officer may conduct a warrantless immigration arrest only if the officer 'has reason to believe' that (1) 'the alien so arrested is in the United States in violation of any . . . law or regulation[ ],' and (2) 'is likely to escape before a warrant can be obtained for his arrest.'" *A.B.D. v. Wamsley*, No. 6:25-CV-02014-AA, 2026 WL 178306, at *11 (D. Or. Jan. 22, 2026) (alterations in original) (quoting 8 U.S.C. § 1357(a)(2)) (citing 8 C.F.R. § 287.8(c)(2)(i)–(ii)) (providing that "an arrest shall be made only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States," *and* "that the person is likely to escape before a warrant can be obtained" (emphasis added)). The Ninth Circuit has equated Section 1357(a)(2)'s "reason to believe" with the constitutional requirement of probable cause. *See Tejeda-Mata v. INS*, 626 F.2d 721, 725 (9th Cir. 1980).

Here, Petitioner was stopped in a vehicle at a Border Patrol checkpoint at approximately 4:35 a.m. (ECF No. 13-1.) Petitioner admitted that he did not have immigration documents that would allow him to live, work, or be present in the United States. (*Id.*) Petitioner had entered the country without inspection several years beforehand. (ECF No. 8-1.) And on the present record, there is no indication that Petitioner had

previously encountered immigration authorities or otherwise appeared in the immigration system. (*See id.*; ECF No. 13-1.) Thus, at least an argument can be made that: (1) Petitioner was in the country illegally, and (2) he was likely to escape before a warrant could be obtained.

These facts distinguish this case from one in which immigration authorities arrest a noncitizen who is appearing at a scheduled check-in or in Immigration Court in compliance with an existing directive. In those circumstances, the noncitizen's demonstrated compliance may call into serious question whether the officer had reason to believe the noncitizen was likely to escape before a warrant could be obtained. *See* 8 U.S.C. § 1357(a)(2).

The Court need not, however, conclusively resolve whether Petitioner's arrest satisfied § 1357(a)(2). Although the Government has not meaningfully addressed the claim or articulated a factual or legal basis establishing probable cause for the statute's requirements, resolution of that question is unnecessary to the relief warranted here: because Petitioner is detained pursuant to § 1226(a), he is entitled to a bond hearing under that provision. *See Rodriguez Vazquez*, 183 F.4th at 1173. The Court therefore **GRANTS IN PART** the Amended Petition insofar as it seeks a bond hearing but **DENIES** the request for immediate release.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Petitioner Juan Jose Tapia Garcia within 14 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 11, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**