**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUAN JOSE TAPIA GARCIA,<br>Petitioner,<br>v.<br>JEREMY CASEY, *et al.*,<br>Respondents. | Case No. 26-cv-04349-BAS-SBC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 17)** |

Petitioner Juan Jose Tapia Garcia files a Motion for Reconsideration, arguing the Court erred when it failed to order him released from immigration custody. (ECF No. 17.) The Government responds (ECF No. 19), and Petitioner replies (ECF No. 20). Because the Court finds no error, the Motion is **DENIED**.

## I. STATEMENT OF FACTS

On April 5, 2026, at 4:35 a.m., Petitioner came through the immigration checkpoint on Highway 86 in Westmoreland driving a pick-up truck without license plates. (ECF No. 13-1.) The driver, Petitioner in this case, said he was a citizen of Mexico and admitted he had no immigration documents that would allow him to live in or enter the United States. (*Id.*) Petitioner was only able to present a Mexican voter registration card as identification. (*Id.*) Hence, the Border Patrol agent at the checkpoint arrested Petitioner. The agent

immediately obtained and served a warrant on Petitioner at 11:05 a.m. on the same day. (ECF No. 13-2.)

## II. ANALYSIS

Reconsideration is an "extraordinary remedy." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). It should be used sparingly in the interests of finality and conserving judicial resources. *Id.* Therefore, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Title 8, United States Code, Section 1226(a) states, "*On a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States" (emphasis added). Nonetheless, an immigration agent may arrest an individual without a warrant if the agent has "reason to believe" the arrestee is in the United States in violation of any immigration law and the arrestee "is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). The "reason to believe" requirement is the equivalent of "the constitutional requirement of probable cause." *Tejeda-Mata v. Immigr. & Naturalization Serv.*, 626 F.2d 721, 725 (9th Cir. 1980) (citation omitted). Thus, an agent must have probable cause to believe the noncitizen is in the United States in violation of immigration laws and is likely to escape before a warrant can be obtained. If the noncitizen is arrested without a warrant, "a determination will be made within 48 hours of the arrest . . . whether a notice to appear and warrant of arrest . . . will be issued." 8 C.F.R. § 287.3(d).

Petitioner relies on the recently decided decision in *Vazquez Perdomo v. Mullin*, arguing his arrest in this case was illegal. No. 2:25-cv-05605-MEMF-SF, 2026 WL 2751388 (C.D. Cal. Sept. 2, 2026). Specifically, Petitioner argues his arrest was warrantless and: (1) without a determination of probable cause that he was in the United States in

violation of immigration laws, and (2) without a determination that there was a likelihood of his escape if he had been released while the Border Patrol agent obtained a warrant. (*Id.*)

However, the facts of this case support that there was probable cause to believe Petitioner was in the country illegally at the time he was stopped at the checkpoint. He admitted he had no immigration documents to allow him to live in or enter the United States. (ECF No. 13-1.) He was only able to present a Mexican voter registration card. (*Id.*)

In addition, facts presented by the Government supported that the Border Patrol agent had probable cause to believe Petitioner was likely to escape if he was released at the checkpoint while the Government sought a warrant. Petitioner approached the checkpoint at 4:35 a.m. He was driving a truck without license plates, and the identification he provided to the agent was a Mexican voter registration card. (*Id.*)

The agent promptly obtained a warrant immediately after detaining Petitioner, serving it the same day as the arrest. This conduct meets the requirements of § 1357(a)(2).

## III. CONCLUSION

Because the Court did not err in its original order, the Motion for Reconsideration is **DENIED**. (ECF No. 17.)

**IT IS SO ORDERED.**

**DATED: November 10, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**